Heller v. Meiss et al.

------◆-◆------

WILLIAM HELLER, Plaintiff in Error, v. LAZARUS MEISS ET AL., Defendants in Error

Before administration, the widow and only son of an intestate conveyed by deed the deceased's realty to H., who gave a note, secured by mortgage on the premises, for the unpaid purchase-money. Subsequently the son took out letters of administration, was sued as administrator, and a judgment recovered against him, which, after an order for a sale of the same realty, made by the probate court, H. offered to pay.

On suit brought by M., a holder before maturity, for value, of H.'s note and mortgage, to foreclose:

Held, that H. was entitled to recoup the amount of the judgment from the amount due on the mortgage to M.

This was a proceeding to reverse a decree made at Special Term against the defendant below.

The facts of the case are fully set forth in the opinion.

*Pruden,* for plaintiff in error.

*Conklin,* contra.

HAGANS, J. Frank P. Weiler died intestate and seized in fee simple of a house and lot, on Fillmore street in this city, leaving Anna J. Weiler, his widow, and John J. Weiler, his only heir-at-law. No administration was had on the estate of Frank P. Weiler, and on the 17th July, 1868, his widow and heir sold and conveyed the house and lot to William Heller for $5,300: $1,800 in cash, and $3,500 in two equal payments, due in one and two years after that date. Heller executed his negotiable promissory notes accordingly, payable to John J. Weiler, and also a mortgage on the same property to secure them, the first one of which was paid at maturity.

John J. Weiler indorsed the second note, for a valuable consideration, to one John Kruger, who afterward, for a valuable consideration, indorsed it to the plaintiff, all before the maturity of the note, and the mortgage was duly transferred to the plaintiff.

Shortly after the sale and conveyance to Heller, John J. Weiler took out letters of administration upon the estate of his father in the probate court of this county, and applied the cash proceeds of the sale to the payment of the debts of the estate. A judgment was obtained against him as administrator (the intestate being liable as indorser on a note) for $586.30 and costs, which judgment is not paid. Weiler was removed as administrator and E. H. Kleinschmidt was appointed administrator *de bonis non,* and he filed a petition in the probate court to sell the property in question to pay the judgment for $586.30, costs, and interest. The probate court rendered decree and order for sale, which, upon appeal, was affirmed.

Shortly before Kleinschmidt, as administrator, filed his petition, the plaintiff brought this suit to foreclose the mortgage and sell the property, to which the administrator was

afterward made a party. Heller answered, setting up the facts as stated; alleged his willingness to pay the note, but asked that the amount of the judgment be credited on or deducted from it.

On this state of fact, the judge, at Special Term, found that Heller was entitled to no deduction by reason of said judgment, and rendered a decree and order for sale of the premises for the whole amount due on the mortgage accordingly.

Heller's title appears to us to be good, notwithstanding the want of administration upon the intestate's estate, subject however to any unpaid debts of the decedent, for he takes no better title than the widow and heir had. Certainly neither the widow nor the heir can object to his title; and it seems to us equally clear, that if the mortgagee, Weiler, had brought this suit, there is no reason why Heller should not be entitled to a recoupment of this judgment. The estate, of which the widow and heir are distributees, is liable for damages to the amount of the judgment for a breach of the covenants in the deed, and they can not be permitted, in equity, to recover the purchase-money without payment of this judgment.

But does the fact that the note has been indorsed for value, before its maturity, to an innocent holder, make any difference in this action? We think not. This is a proceeding to sell the land for a mortgage debt, and the assignee of the mortgage stands in no better position than the mortgagee. A mortgage is not a negotiable instrument, and the holder is bound by the assertion of the prior equitable rights of third persons. 1 S. & C. 862. So that this cause stands upon the principles stated by our Supreme Court in *Bailey* v. *Smith*, 14 Ohio St. 396.

The decree, therefore, in this cause, must be modified by an allowance to Heller, as against the plaintiff, of the amount of the judgment against the estate in the distribution of the proceeds of sale, and the cause will be remanded for further proceedings.